IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEONARD PARKER AND
GLADDEN JORDAN                                                                                      PLAINTIFFS

VERSUS                                                              CIVIL ACTION NO. 1:04cv486WJG-JMR

JAMIN SEAL, TRINN SCHELTON,
NATIONAL GENERAL ASSURANCE
COMPANY, AND GENERAL MOTORS
CORPORATION                                                                                         DEFENDANTS

MEMORANDUM OPINION

This cause is before the Court on Defendant General Motors Corporation's [GM] motion for summary judgment [75-1] and on the Plaintiffs' motion *in limine* [78-1] to strike the testimony of GM's expert witnesses. After due consideration of the evidence of record, the briefs of the parties, and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows.

This lawsuit arises from a motor vehicle accident which occurred on April 16, 2001, in Pearl River County, Mississippi. (Ct. R. Doc. 26, p. 4.) According to the first amended complaint, Plaintiff Gladden Jordan was driving his 1999 Chevrolet truck south on Highway 11 when a vehicle owned by Defendant Trinn Schelton and operated by Defendant Jamin Seal pulled onto the road suddenly and without warning. (*Id.*) A collision ensued which is alleged to have resulted in severe personal injuries to Jordan and his passenger, Plaintiff Leonard Parker. (*Id.*) Plaintiffs filed suit on April 15, 2004, asserting claims of negligence against Seal and Schelton, a claim for uninsured/under-insured motorist benefits against Jordan's insurer, National

General Assurance Company [National General], and a products liability claim against GM based on allegations that the air bags in Jordan's truck failed to inflate during the collision. (Ct. R., Doc. 1, pp. 4-5; Ct. R., Doc. 26, pp. 4-5.)

In the motion now before the Court, GM seeks dismissal of the Plaintiffs' products liability claim on the basis that the Plaintiffs have failed to demonstrate a defect in the subject vehicle and have failed to present expert testimony to support their claim of a product liability defect. (Ct. R., Doc. 75.)

Standard of Review

Summary judgment, where appropriate, is designed "to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1, 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986) (citation and internal quotation omitted). A district court may properly grant a motion for summary judgment when, after viewing the facts in the light most favorable to the nonmoving party, "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Deas v. River West, L.P.*, 152 F.3d 471, 475 (5th Cir. 1998). Summary judgment must be entered against the non-moving party ". . . who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (quoting *Celotex,* 477 U.S. at 322-323). "Neither 'unsubstantiated assertions' nor 'conclus[ional] allegations' can satisfy the non-moving party's burden." *Lawrence v. University of Tex. Medical Branch at Galveston*, 163

F.3d 309, 312 (5th Cir. 1999) (citing *Wallace v. Texas Tech. Univ.,* 80 F.3d 1042, 1047 (5th Cir. 1996)).

Analysis

GM argues that the Plaintiffs have failed to adduce expert testimony which would demonstrate that the air bags in their 1999 Chevrolet truck failed to deploy due to a product liability failure. Consequently, GM contends, the Plaintiffs have failed to establish an element essential to their case so that summary judgment is appropriate. In support of their claim, GM relies on a recent case from the Mississippi Court of Appeals, *Forbes v. General Motors*, ___ So. 2d. ___, 2005 WL 226105 (Miss. App. Feb. 1, 2005). The facts underlying the *Forbes* case are as follows.

Hilda Forbes was driving a 1992 Oldsmobile Delta 88 when she struck a 1981 Chevrolet Chevette from the rear. *Id.* at 1. The air bag in Forbes' vehicle did not inflate, and Forbes was thrown forward into the windshield sustaining serious injuries. *Id.* Following the accident, Forbes and her husband sued GM pursuant to the Mississippi Products Liability Act, MISSISSIPPI CODE ANNOTATED § 11-1-63, *et seq*. (Rev. 2002), based on the fact that the air bags in the Oldsmobile failed to deploy. *Id.* After presentation of the plaintiffs' evidence, however, the trial court granted a directed verdict in favor of GM finding that the "the plaintiffs failed to prove that their damages were proximately caused by an unreasonably dangerous and defective condition of the air bag system due to GM's breach of an express warranty or other express factual representation upon which the plaintiffs justifiably relied in using the product." *Id.* The trial court specifically noted that the plaintiffs failed to obtain a qualified expert to demonstrate, among other things, why the air bag failed to deploy, the forces that were applied to the vehicle,

and to rule out other causes for the failure such as improper maintenance or a defect in the electrical system. *Id.* at 7.

On appeal, the plaintiffs argued that there was sufficient evidence presented to prove that the collision was "hard enough" to inflate the air bags. *Id.* at 5. This evidence consisted of (1) testimony from the passenger of the Chevette that the force of the collision broke the passenger's seat and threw him into the trunk and that he was thereafter removed by ambulance and hospitalized; (2) testimony from the police officer who responded to the scene of the accident that the Chevette was broken down to the rear back seat, that there was a "pretty good impact" between the vehicles, and that he thought it unusual that the air bags did not deploy given the type of accident and the damage involved; and (3) testimony from the automobile repairman concerning the damage to the Oldsmobile and the necessary repairs. *Id.* at 5-6. The Court of Appeals, however, agreed with the trial court that the plaintiffs failed to establish that the air bag was defective or unreasonably dangerous to consumers. *Id.,* p. 6. Like the court below, the Court of Appeals noted the lack of expert witnesses to explain the technical operation of the air bag or to demonstrate that the air bag should have deployed in the collision. *Id.* The necessity of expert testimony was discussed as follows:

> The appellants and the dissent argue that the central question in this case is – How hard is "hard enough?" To answer this question, a person must have scientific, technical or other specialized knowledge of air bags and their proper operation. Indeed, such person should have knowledge, skill, experience, training or education about the reliable principles and methods that are part of the air bag mechanism that was in Mrs. Forbes' automobile. Here, the trial judge correctly concluded that such knowledge required expert testimony to determine whether the collision was indeed "hard enough."

*Id.*

The Plaintiffs would distinguish *Forbes* from this case on grounds that their case involves $9,000 in property damage, impact at 35 miles per hour, heavy damage to the vehicle, and multi-level disc injuries to the Plaintiffs.  They contend that if these additional factors had been present in *Forbes*, the outcome would have been different.  (Ct. R., Doc. 79, p. 9.)  The Court finds this argument unpersuasive.  In *Forbes,* the plaintiff suffered a subdural hematoma when she was thrown forward into the windshield and, according to the testimony of her doctor, never completely recovered from the injury to her brain.  *Forbes,* 2005 WL 226105, 1.  The second vehicle was broken down to the rear back seat, and the strength of the collision broke the passenger's seat and threw the passenger into the trunk.  *Id.* at 5.  The police officer who responded to the accident testified that he thought it unusual that the air bags did not deploy in an accident with this type of damage.  *Id.*  Finally, the Forbes' Oldsmobile sustained $5,806.43 in damages and required the replacement of the hood and hood hinges, the front bumper assembly and its components, the right front impact absorber, the grill, the grill panel and its components, the front body radiator support, the freon and coolant, the front body vertical support, the windshield, the left front door and the right quarter panel.  *Id.*

In the instant case, the Plaintiffs have alleged (and the Court has assumed as true) that: (1) the  Plaintiffs' vehicle was traveling 35 miles per hour when it collided with the rear of another vehicle which was stopped or traveling extremely slowly; (2) that Plaintiffs' vehicle sustained heavy or severe damage to its front end and had to be towed from the scene; (3) that the force of the impact ripped bolts from the vehicle's block; (4) that the cost of repairs was $8,974.00; and (5) that the Plaintiffs suffered multi-level disc herniations with severe nerve root

5

damage to the spine necessitating surgery. (*See* Ct. R., Doc. 79, pp. 2-4.) The facts of this case are not so dissimilar from *Forbes* to persuade the Court that its reasoning should not be followed.

Therefore, the Plaintiffs having failed to come forward with credible expert testimony to explain technical operation of the air bags or to otherwise demonstrate that they did not perform as they should have, the Court finds that GM's motion for summary judgment should be granted. Further, the Court finds that the Plaintiffs' motion *in limine* to strike the testimony of GM's experts is moot and may be denied as such.

A separate Judgment in accordance with this Memorandum Opinion shall issue this date.

THIS the 22nd day of August, 2005.

           /s/     ***Walter J. Gex III***
           UNITED STATES SENIOR DISTRICT JUDGE