IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEONARD PARKER AND
GLADDEN JORDAN                                                                                   PLAINTIFFS

VS.                                                               CIVIL ACTION NO. 1:04cv486WJG-JMR

JAMIN SEAL, TRINN SCHELTON,
NATIONAL GENERAL ASSURANCE
COMPANY, AND GENERAL MOTORS
CORPORATION                                                                                       DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for reconsideration [92-1] filed by the Plaintiffs, Leonard Parker and Gladden Jordan, pursuant to Federal Rule of Civil Procedure 59(e). After due consideration of the pleadings, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows.

On August 22, 2005, this Court entered its Judgment granting General Motors Corporation's [GM] motion for summary judgment and dismissing Plaintiffs' claims against GM with prejudice. (Ct. R., Doc. 90.) In its Memorandum Opinion, the Court, following the decision in *Forbes v. General Motors*, No. 2003-CA-01201-COA, 2005 WL (Miss. Ct. App. Feb. 1, 2005)[1], found that Plaintiffs "failed to come forward with credible expert testimony to explain technical operation of the air bags or to otherwise demonstrate that they did not perform as they should have." (Ct. R., Doc. 89.) In seeking reconsideration, Plaintiffs argue (1) that they

---

[1] The *Forbes* opinion relied upon by this Court was withdrawn subsequent to this Court's Judgment and substituted by the opinion available at *Forbes v. General Motors*, No. 2003-CA-01201-COA, 2005 WL (Miss. Ct. App. Oct. 4, 2005). The substituted *Forbes* opinion did not change the outcome of the case or the relevant determinations concerning the need for expert testimony.

presented, through GM's experts, testimony to explain the technical operation of the air bags; and (2) that they presented evidence that the collision occurred at an impact velocity at which the air bags should have deployed.

In analyzing a motion to reconsider under Rule 59(e), the Court should consider the following list of non-exclusive factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of evidence or arguments; (3) whether the reasons set for by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. *Lee v. State Farm Mut. Auto Ins. Co.*, 360 F. Supp. 2d 825, 828 (S.D. Miss. 2005). Plaintiffs failed to address these factors, having simply repackaged their prior unavailing arguments for the Court's consideration. Particularly, Plaintiffs have offered no argument or evidence that can overcome their need for expert testimony regarding the alleged defective condition or performance of the air bags. Consequently, this Court finds that Plaintiffs' motion for reconsideration should be denied. It is hereby,

ORDERED that the motion of the Plaintiffs, Leonard Parker and Gladden Jordan, for reconsideration [92-1] be, and is hereby, denied. It is further,

ORDERED that each party bear their respective costs in connection with this motion.

SO ORDERED this the 14th day of January, 2006.

                                          *Walter J. Gex III*
                               UNITED STATES SENIOR DISTRICT JUDGE